GENNERICH v. ULRICH et al.

(Supreme Court, General Term, First Department. December 29, 1890.)

**1. WITNESS—TRANSACTIONS WITH DECEDENTS—INTEREST.**

In an action for partition among heirs, a mortgage of the premises, given by the widow of the former owner, who had only her right of dower therein and a life-estate in part thereof, was set up as a charge against the property by the executor of the deceased mortgagee. Held, that such executor was incompetent to testify to conversations and transactions with one of the heirs, since deceased, to show knowledge of the giving of the mortgage on the part of such deceased heir, as against the children of the latter; the executor being a party interested, within Code Civil Proc. N. Y. § 829, providing that a party or person interested in the event shall not be examined as a witness in his own behalf or interest, against a person deriving title or interest from a deceased person, concerning a personal transaction or communication between the witness and the deceased person.

**2. ESTOPPEL—TO ASSERT TITLE.**

After the death of a land-owner, intestate, leaving a widow and children, the widow solely exercised active ownership in respect to the land, and collected the rents. To pay off a mortgage given by her husband, she borrowed money on her bond and mortgage of the premises, which the lender accepted on representations that she owned the property. Held, that a daughter of intestate was not estopped from setting up her own title as against the mortgagee, although she knew, at the time, that her mother borrowed the money, and probably knew that the mother gave a mortgage for it, there being no evidence of any knowledge on her part of the attempt to mortgage her own interest in the property.

Appeal from judgment on report of referee.

Action by Wilhelmina Gennerich against Annie Brendel and others for partition among heirs of real property of an intestate. Christian F. Gennerich and another, as executors of a deceased mortgagee of the premises, by answer claimed a charge on the property for the amount of the mortgage. From so much of the interlocutory and final judgments as declared such mortgage a specific lien on the premises, and ordered it to be paid out of the proceeds of the sale in partition, defendants Charles Ulrich and Christian F. Ulrich, children of a deceased daughter of the intestate, appeal. Code Civil Proc. N. Y. § 829, provides: "Upon the trial of an action, * * * a party or person interested in the event * * * shall not be examined as a witness in his own behalf or interest, * * *· against * * * a person deriving his title or interest from, through, or under a deceased person, * * * concerning a personal transaction or communication between the witness and the deceased person," etc.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

Nelson Smith, for appellants.  Rabe & Keller, for plaintiff, respondent. Hugh A. McTernan, for the executors, respondents.

VAN BRUNT, P. J. There is no objection raised to that part of the decree which provides for a partition of the premises in question, but the appellants appeal from so much of the judgment as seeks to charge the premises with a $1,500 mortgage given to August tom Have. One Charles Brendel died in the year 1866, seised of the lot in question, leaving, him surviving, his widow and four children,—his son, Charles Brendel, Jr., and three daughters, Margaret, then the wife of the defendant Charles Ulrich, the defendant Annie Brendel, and the plaintiff,—his only heirs at law. In his life-time the said Charles Brendel had executed a mortgage upon the said lot to one John Hubner for $1,000. Charles Brendel, Jr., died in 1867 without issue, and without ever having been married. From the time of the death of Charles Brendel, Sr., up to January 11, 1889, when she died, his widow solely exercised active ownership in respect to the said property, and collected the rents. In

March, 1877, John Hubner demanded payment of his mortgage, and the widow of Charles Brendel borrowed from August tom Have the sum of $1,500, and executed her individual bond, and gave a mortgage upon the premises in question to secure the same. It was represented to the mortgagee that Mrs. Brendel was the owner of the property, and he did not have the title searched. Subsequently Mrs. Ulrich died, leaving the appellants her heirs at law. Upon the trial it was established by the evidence of the plaintiff and of the defendant Annie Brendel that Mrs. Ulrich knew that her mother had borrowed this money through the instrumentality of her brother-in-law, and that she thanked her brother-in-law for his kindness to her mother. This brother-in-law, who is one of the executors of the will of the mortgagee tom Have, was also examined as a witness for the purpose of establishing the knowledge of Mrs. Ulrich of the giving of this mortgage. This evidence was objected to upon the ground that he was a party in interest hostile to the appellants, and that he could not testify to personal transactions between himself and Mrs. Ulrich. This objection alone would seem to be fatal to the judgment as it stands, because it is clear that this executor, as far as the establishment of the lien of this mortgage is concerned, was a party in interest, and testifying in his own behalf to conversations and transactions between himself and a deceased party. But we think that there is no evidence going to show that Mrs. Ulrich had any knowledge whatever that her interest in this property was attempted to be mortgaged by her mother to secure this loan. She undoubtedly knew that her mother borrowed the money, and probably that she had given a mortgage; but as to its nature or extent there is no proof whatever. If the evidence established that, although her mother had not the title to this property, she stood by and allowed her to mortgage it as though she were the owner, she would be estopped from setting up her title as against the mortgagee; but the case is entirely barren of evidence going to show that she had any idea that her mother was claiming the right to mortgage her interest in the property in question. In order that an estoppel of this kind shall be sustained, the evidence tending to establish it must be of a satisfactory nature. It must be clear and convincing, and resort cannot be had to inference only. It is the deprivation of a party of his property upon the theory that it would be unjust to allow a person to stand by and permit another to purchase property supposing the title to be in the seller, and subsequently claim that property as his own. The evidence in the case at bar is not of such a character. It is meager at the best, and its whole strength depends upon the inference which it is claimed may be drawn therefrom that Mrs. Ulrich must have known all about the details of this transaction of her mother's. We do not think the mere fact of Mrs. Ulrich's knowledge that her mother had borrowed some money is sufficient to charge her with knowledge that she had also executed a mortgage upon her property; and this seems to be all that the evidence established. It is clear that such testimony would entirely fail to support the proposition that Mrs. Ulrich ever gave her consent to the mortgage in question. The judgment, so far as it is appealed from, should be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.